Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
**PRYOR CASHMAN LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 683-6900
Fax: (310) 943-3397

Donald S. Zakarin
*dzakarin@pryorcashman.com (pro hac vice application forthcoming)*
Ilene S. Farkas
*ifarkas@pryorcashman.com  (pro hac vice application forthcoming)*
Andrew M. Goldsmith
*agoldsmith@pryorcashman.com (pro hac vice application forthcoming)*
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
Fax: (212) 326-0806

*Attorneys for Defendant Edward Christopher Sheeran*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONSTANTINE PANAGIOTIS LOIS and SHANE JARRET WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>BENJAMIN JOSEPH LEVIN p/k/a BENNY BLANCO et al.,<br><br>Defendants. | CCase No. 2:22-cv-00926-SVW-ADS<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Declarations of Timothy William Major and Edward Christopher Sheeran filed, and [Proposed] Order lodged concurrently]*<br>Date: August 1, 2022<br>Time: 1:30 p.m.<br>Place: Courtroom 10A |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 1, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10A of this Court, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant Edward Christopher Sheeran ("Sheeran") will and hereby does move the Court for an order dismissing the Complaint filed in this action ("Complaint") by plaintiffs Konstantine Panagiotis Lois and Shane Jarret Williams ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

The motion is made following a telephonic conference of counsel pursuant to L.R. 7-3 which took place on June 27, 2022.

Sheeran's Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Edward Christopher Sheeran, the Declaration of Timothy William Major, any reply memorandum, the pleadings and files in this action, and such other matters as may be presented at or before the hearing.

**PRYOR CASHMAN LLP**

Dated: June 29, 2022          By:   /s/ Benjamin S. Akley

Benjamin S. Akley
bakley@pryorcashman.com

*Attorneys for Defendant Edward Christopher Sheeran*

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ iii
MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1
PRELIMINARY STATEMENT ..................................................................................... 1
RELEVANT FACTS ....................................................................................................... 2
    A. The Complaint's Deficient Jurisdictional Allegations ...................................... 2
    B. Sheeran's Lack Of Jurisdictional Contacts With California ............................. 2
ARGUMENT .................................................................................................................... 5
    I. LEGAL STANDARD ......................................................................................... 5
    II. SHEERAN IS NOT SUBJECT TO GENERAL JURISDICTION .................... 6
    III. SHEERAN IS NOT SUBJECT TO SPECIFIC JURISDICTION .................... 6
        A. The Complaint Does Not Allege Purposeful Direction ............................. 8
        B. Exercising Jurisdiction Over Sheeran Would Be Unreasonable ............... 12
CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(s)**

*Amba Mktg. Sys., Inc. v. Jobar Int'l Inc.*,
   551 F.2d 784 (9th Cir. 1977) ...................................................................... 5

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*,
   1 F.3d 848 (9th Cir. 1993) .......................................................................... 6

*Asahi Metal Indus. Co. v. Superior Court*,
   480 U.S. 102 (1987) .................................................................................. 12

*Axiom Foods, Inc. v. Acerchem International, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) .................................................................. 10

*Bridgeport Music, Inc. v. Still N The Water Publ'g*,
   327 F.3d 472 (6th Cir. 2003) ...................................................................... 9

*Browne v. McCain*,
   612 F. Supp. 2d 1118 (C.D. Cal. 2009) ..................................................... 9

*Calder v. Jones*,
   465 U.S. 783 (1984) .................................................................................... 8

*CollegeSource, Inc. v. AcademyOne, Inc.*,
   653 F.3d 1066 (9th Cir. 2011) .................................................................. 10

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) .................................................................................... 6

*Erickson v. Nebraska Mach. Co.*,
   No. 15-cv-1147 (JD), 2015 WL 4089849 (N.D. Cal. Jul. 6, 2015) ........... 10

*Fahmy v. Hogge*,
   No. 08-cv-1152 (PSG), 2008 WL 4614322 (C.D. Cal. Oct. 14, 2008) ....... 5

*Ford Motor Co. v. Montana Eighth Judicial Dist. Court*,
   141 S. Ct. 1017 (2021) ............................................................. 6, 8, 10, 11

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
   284 F.3d 1114 (9th Cir. 2002) ................................................................ 5, 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) .................................................................................... 6

| **CASES** | **PAGE(s)** |
|---|---|

*Hit Bound Music, Ltd. v. BBC Films*,
  No. 16-cv-7125 (CBM), 2017 WL 5640543 (C.D. Cal. June 28, 2017).............. 9

*Holland Am. Line, Inc. v. Wartsila North Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) ................................................................................ 9

*Imageline, Inc. v. Hendricks*,
  No. 09-cv-1870 (DSF), 2009 WL 10286181 (C.D. Cal. Aug. 12, 2009)............. 8

*J. McIntyre Mach., Ltd. v. Nicastro*,
  564 U.S. 873 (2011) ............................................................................................. 7

*Love v. Associated Newspapers, Ltd.*,
  611 F.3d 601 (9th Cir. 2010) ........................................................................ 9, 10

*Martinez v. Aero Caribbean*,
  764 F.3d 1062 (9th Cir. 2014) ............................................................................. 6

*Me Renee LLC v. Elite World, S.A.*,
  No. CV 14-3299-R, 2014 WL 12696912 (C.D. Cal. Aug. 7, 2014) .................. 12

*Mitsui Sumitomo Ins. USA., Inc. v. Kyocera Mita Corp.*,
  No. 15-cv-1860 (ODW), 2015 WL 5842324 (C.D. Cal. Oct. 6, 2015) ............... 9

*One Media IP Ltd. v. S.A.A.R. SrL*,
  122 F. Supp. 3d 705 (M.D. Tenn. 2015) .............................................................. 9

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ............................................................................. 7

*Perez v. U.S.*,
  103 F. Supp. 3d 1180 (S.D. Cal. 2015) ............................................................... 7

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ........................................................................ 5, 7

*Rano v. Sipa Press, Inc.*,
  987 F.2d 580 (9th Cir. 1993) .......................................................................... 5, 12

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) ............................................................................. 6

| **CASES** | **PAGE(s)** |
|---|---|
| *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) | 5, 6, 7, 8 |
| *The Wonderful Company LLC v. Nut Cravings Inc.*, No. 20-cv-11738 (SVW), 2021 WL 3598859 (C.D. Cal. Apr. 22, 2021) | 8 |
| *Under A Foot Plant, Co. v. Exterior Design, Inc.*, No. 14-cv-01371 (AA), 2015 WL 1401697 (D. Or. Mar. 12, 2015) | 10 |
| *Walden v. Fiore*, 571 U.S. 277 (2014) | 6, 7, 10 |
| *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) | 7, 10, 11 |

**STATUTES AND RULES**

| | |
|---|---|
| Fed. R. Civ. P. 12(b)(2) | 1 |
| Fed. R. Civ. P. 12(b)(6) | 1 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Edward Christopher Sheeran ("Sheeran") respectfully submits this memorandum of law in support of his motion, pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss the Complaint filed in this action ("Complaint") by plaintiffs Konstantine Panagiotis Lois and Shane Jarret Williams ("Plaintiffs").[1]

## PRELIMINARY STATEMENT

Sheeran is one of several authors of the original musical composition entitled *Eastside*, having composed the melody and lyrics in Philadelphia, Pennsylvania. Sheeran does not appear on the recording of *Eastside*, which was recorded and performed by defendants Blanco, Khalid and Halsey. Plaintiffs claim that "Eastside" infringes the virtually unknown musical composition *Loveless*. The other named Defendants have moved, simultaneous with this motion, to dismiss the Complaint in this action for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and Sheeran has joined in that motion. In addition, Sheeran, who is a citizen and full-time resident of the United Kingdom, is making this separate motion to dismiss for lack of personal jurisdiction over him.

As discussed below, the Complaint in this action is spare in the extreme in its jurisdictional allegations against Sheeran. It offers no facts whatsoever and pleads solely in conclusory fashion several alternative alleged bases for personal jurisdiction: that Sheeran supposedly "conduct[s] business and/or reside[s] within this judicial district," that his "acts of infringement complained of herein occurred in this judicial district," and that he "caused injury to Plaintiffs within this judicial district." (*Id.* ¶ 3). As set forth in detail below and in Sheeran's accompanying Declaration, these conclusory assertions

---

[1] Sheeran also joins in the motion filed by the other named defendants to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Because Sheeran is the only defendant to seek dismissal under Fed. R. Civ. P. 12(b)(2), he submits this motion separately. A copy of the Complaint is annexed to the Declaration of Ilene S. Farkas dated June 27, 2022 (the "Farkas Declaration" or "Farkas Decl.") as Exhibit 1. Undefined capitalized terms have the meanings given to them in the Complaint.

are either entirely untrue, do not support personal jurisdiction over Sheeran as a matter of law—or both.

*First*, Sheeran is an English domiciliary and not "at home" in California, which precludes the exercise of general jurisdiction. *Second*, Sheeran does not conduct business, not generally and not in any way related to this action, anywhere in California, and his alleged acts of infringement consist of having written the melody and lyrics for "Eastside," which he wrote in Philadelphia, not in California. The fact that the Plaintiffs may reside in California is not a jurisdictional fact that relates to Sheeran and does not make Sheeran subject to the jurisdiction of this Court. The law is clear that Plaintiffs may not base jurisdiction over a foreign defendant based on their own contacts with the forum. Because Sheeran has not expressly aimed his conduct at California, this Court may not exercise specific jurisdiction over him.

## RELEVANT FACTS

### A. The Complaint's Deficient Jurisdictional Allegations

In their single-count Complaint for copyright infringement, Plaintiffs allege that the musical composition *Eastside*, co-authored by Sheeran, infringes the copyright in a musical composition titled *Loveless*. (Complaint ¶¶ 17, 24, 64-69).

The Complaint makes only the most conclusory of jurisdictional allegations, alleging—without the slightest factual detail—that "[t]his Court has personal jurisdiction over [Sheeran] because [he] conduct[s] business and/or reside[s] within this judicial district, [his] acts of infringement complained of herein occurred in this judicial district, and [he] caused injury to Plaintiffs within this judicial district." (*Id.* ¶ 3).

### B. Sheeran's Lack Of Jurisdictional Contacts With California

Sheeran is an English citizen and maintains his permanent place of residence in England. (*See* the Declaration of Edward Christopher Sheeran dated June 25, 2022 (the "Sheeran Decl.") at ¶ 5). Sheeran does not own or rent real property in California, and does not have an office in California. (*Id.* ¶ 6). Nor does Sheeran have "continuous" or

"systematic" contacts with California; rather, Sheeran has only sporadic contacts with California wholly unrelated to *Eastside*. (*Id.* ¶ 7).

On or about July 11, 2017, Sheeran authored the melody and lyrics that ultimately were embodied in a sound recording of *Eastside* while he was in Philadelphia, Pennsylvania. (*Id.* ¶ 8). Apart from contributing the melody and lyrics to *Eastside*, Sheeran had no other involvement with the independent creation of *Eastside*. He had no involvement in the recording of the commercially released version of the composition (and he is not featured on the recording). (*Id.* ¶¶ 9-10). He does not perform (and has not performed) *Eastside* at any concert (because it is a song recorded and performed by Blanco, Khalid and Halsey). (*Id.*).

Moreover, neither Sheeran nor his agents sell, distribute or publicly perform the recording embodying the *Eastside* composition in California (or anywhere else in the United States)—*i.e.*, Sheeran has not engaged in any alleged infringing acts in California, and he has not otherwise engaged in any conduct in or directed at California with respect to *Eastside*. (*Id.* ¶¶ 10-15). His sole involvement with *Eastside* consists of his authorship of the melody and lyrics of the song—and that took place in Pennsylvania, not in California. (*Id.* ¶¶ 8-9).

As a co-author, Sheeran's authorship interest in songs he has written or co-written are contributed to a United Kingdom-based company, nonparty Ed Sheeran Limited ("ESL UK"). ESL UK has a music publishing agreement with non-party Sony/ATV Music Publishing (UK) Limited ("Sony UK"). (*Id.* ¶¶ 11-12; *see also* the Declaration of Timothy William Major dated June 27, 2022 (the "Major Decl.") at ¶ 6). Sony UK is a limited liability company registered in England and Wales with offices in England which, in addition to granting Sony UK certain rights in compositions which Sheeran has authored, in whole or in part, granted Sony UK the right to administer and publish

Sheeran's interest in musical compositions he has written. (Sheeran Decl. ¶¶ 11-12; Major Decl. ¶¶ 6-9).[2]

Critically, while Sony UK has published *Eastside* (and other compositions Sheeran has written, in whole or in part) in the United Kingdom, it has <u>never</u> published *Eastside* (or Sheeran's other compositions) in the United States. (Major Aff. ¶ 7). Instead, Sony UK, which conducts business exclusively in the United Kingdom, authorized nonparty Sony/ATV Songs LLC—now known as Sony Music Publishing US LLC ("Sony US")—a Delaware limited liability company with principal offices located in New York, to publish Sony UK's catalog of compositions (including *Eastside*) in the United States under a reciprocal subpublishing arrangement. (*Id.*). Neither Sheeran nor ESL UK has a direct contractual relationship with Sony US.. Sony UK neither exploits any of Sheeran's compositions nor collects any income in the United States that is earned by Eastside. (Major Decl. ¶ 9).

Finally, in connection with his authorship of the melody and lyrics of *Eastside*, Sheeran had no knowledge of the existence of Plaintiffs, had never heard of their song and did not know that they purport to reside in California. (Sheeran Decl. ¶ 15).

---

[2] Music publishers like Sony UK do not exploit (*i.e.*, sell or distribute) the physical or digital products on which musical compositions are embodied. (Major Decl. ¶ 5). Rather, music publishers license others (typically record labels) to include musical compositions on sound recordings and authorize (but do not require) those sound recordings to be exploited. Music publishers also license the use of the musical compositions on streaming services such as Apple and Spotify, which are compulsory licenses and are currently issued on a blanket basis by the Mechanical Licensing Collective (which is based in Nashville).

# ARGUMENT

## I. LEGAL STANDARD

Plaintiffs "bear[] the burden of establishing a prima facie case supporting in personam jurisdiction." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993) (citation omitted); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

Where, as here, a defendant provides sworn proof refuting the jurisdictional allegations contained in a complaint, the plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (citation omitted); *see also Fahmy v. Hogge*, No. 08-cv-1152 (PSG)(SHx), 2008 WL 4614322, at *2 (C.D. Cal. Oct. 14, 2008) (in face of sworn statements refuting jurisdictional allegations, "the plaintiff must present admissible evidence to support the Court's exercise of personal jurisdiction") (citation omitted).

The exercise of personal jurisdiction over a non-resident defendant turns on two inquiries: (i) whether an applicable state statute confers jurisdiction; and (ii) whether the exercise of jurisdiction comports with constitutional due process. *Schwarzenegger*, 374 F.3d at 800-01. Since California's long-arm statute "allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution," this Court's "inquiry centers on whether exercising jurisdiction comports with due process." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citations omitted).

Constitutional due process requires that a non-resident defendant have such "minimum contacts" with the forum state that the exercise of personal jurisdiction does not "offend traditional notions of fair play and substantial justice" and correspondingly "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002) (citations & quotations omitted).

## II. SHEERAN IS NOT SUBJECT TO GENERAL JURISDICTION

To establish general jurisdiction, a plaintiff "must meet an exacting standard." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (citations & quotations omitted); *accord Schwarzenegger*, 374 F.3d at 801.

Specifically, a court "may exercise general jurisdiction <u>only when</u> a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); emphasis added).

"'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear*, 564 U.S. at 924). "Only in an exceptional case will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (citations & quotations omitted). The Ninth Circuit "regularly ha[s] declined to find general jurisdiction even where the contacts were quite extensive." *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993) (citations omitted).

Here, Sheeran is an English citizen and domiciliary of England, and the Complaint does not allege (and could not allege in good faith) that Sheeran has "continuous" or "systematic" contacts with the State of California. General jurisdiction does not exist.

## III. SHEERAN IS NOT SUBJECT TO SPECIFIC JURISDICTION

The Supreme Court has made clear that "[f]or a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a **substantial connection** with the forum State," and "the relationship must arise out of contacts that the 'defendant <u>himself</u>' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citations & quotations omitted; bolded emphasis added; underlined emphasis in original); *accord Ford Motor*, 141 S. Ct. at 1025 ("The contacts must be the defendant's own choice and not random, isolated, or fortuitous," and "[t]hey must show that the defendant deliberately reached out beyond [his] home—by, for example, exploiting a market in the forum State or entering a contractual relationship

centered there") (citations, quotations & bracket omitted).  Stated differently, courts "must 'look[] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Picot*, 780 F.3d at 1214 (quoting *Walden*, 571 U.S. at 284 (brackets in original)).

"[F]oreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *Perez v. U.S.*, 103 F. Supp. 3d 1180, 1197 (S.D. Cal. 2015) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Rather, "[t]he question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign." *Perez*, 103 F. Supp. 3d at 1197.  Moreover, even "[a]n intent to serve the entire U.S. does not necessarily show purposeful availment of the privilege of conducting business in any particular state." *Id.* (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011) ("an intent to serve the U.S. market" as a whole held insufficient to confer jurisdiction in New Jersey where there was no evidence that the distributor "purposefully availed itself of the New Jersey market" specifically) (plurality op.)).

In the Ninth Circuit, specific jurisdiction is appropriate only if **<u>all</u>** of the following elements are established: "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citation & quotation omitted); *see also Picot*, 780 F.3d at 1211.³  Plaintiffs bear the burden of establishing the first two elements. *Schwarzenegger*, 374 F.3d at 800.

---

³  *Pebble Beach* slightly misstates the second prong of the specific jurisdiction test. As the Supreme Court recently explained, the question is not whether a plaintiff's claim "arises out of or results from" a defendant's forum-related activities (as *Pebble Beach* misstates), but whether the plaintiff's claim "arise[s] out of or <u>relate[s] to</u>" the

### A. The Complaint Does Not Allege Purposeful Direction

The first prong of the Ninth Circuit's test turns on whether an action sounds in contract or tort. *Schwarzenegger*, 374 F.3d at 802. In intellectual property infringement cases, courts apply a "purposeful direction" analysis, evaluated under a three-part "effects" test traceable to the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). *See, e.g.*, *Imageline, Inc. v. Hendricks*, No. 09-cv-1870 (DSF)(AGRx), 2009 WL 10286181, at *2 & *4 (C.D. Cal. Aug. 12, 2009); *The Wonderful Company LLC v. Nut Cravings Inc.*, No. 20-cv-11738 (SVW), 2021 WL 3598859, at *2 (C.D. Cal. Apr. 22, 2021).

To establish purposeful direction, a plaintiff must show that the defendant "(1) committed an intentional act, (2) <u>expressly aimed at the forum state</u>, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Picot*, 780 F.3d at 1214 (citations omitted; emphasis added).

Here, the Complaint does not and cannot allege any facts to satisfy the second or third elements of the effects test—*i.e.*, that Sheeran expressly aimed any actions at California, or that he caused harm that he knew was likely to be suffered in California.

In co-authoring *Eastside*, Sheeran solely engaged in acts in Pennsylvania. (Sheeran Decl. ¶¶ 8-10). Sheeran had nothing to do with the commercially released sound recording, and he has not sold, distributed or performed *Eastside* in California (or anywhere else in the United States). (*Id.*). Nor has Sheeran entered into a contract with any entity to publish or otherwise exploit *Eastside* in California (or anywhere else in the United States). (*Id.* ¶¶ 11-14). Rather, Sheeran solely contracted with Sony UK, a United Kingdom company that exclusively engages in business in the United Kingdom, which never itself exploited *Eastside* in the United States. (*Id.*; Major Decl. ¶¶ 4-9). That Sheeran's publisher (Sony UK) authorized (but did not require) Sony US to

---

defendant's forum-related activities. *Ford Motor*, 141 S. Ct. at 1025 (citations & quotations omitted; emphasis added).

subpublish *Eastside* in the United States does not confer jurisdiction over Sheeran where Sheeran did not specifically target California or otherwise direct the actions of Sony US (or Sony UK for that matter). *E.g.*, *Hit Bound Music, Ltd. v. BBC Films*, No. 16-cv-7125 (CBM), 2017 WL 5640543, at *3 (C.D. Cal. June 28, 2017) (no express aiming where film distributor only distributed film in United Kingdom); *Holland Am. Line, Inc. v. Wartsila North Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) ("The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state") (citation omitted); *Mitsui Sumitomo Ins. USA., Inc. v. Kyocera Mita Corp.*, No. 15-cv-1860 (ODW), 2015 WL 5842324, at *3 (C.D. Cal. Oct. 6, 2015) ("mere foreseeability that a product will reach and be used in the forum state cannot satisfy the requirements for personal jurisdiction") (citations & quotations omitted). *See also Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003) (no jurisdiction over non-resident music publisher where it granted a license that permitted, but did not require, nationwide distribution of allegedly infringing composition and where it was "merely aware" of such distribution, and the exploitation of the composition was "pretty much out of [its] hands"); *One Media IP Ltd. v. S.A.A.R. SrL*, 122 F. Supp. 3d 705, 718 (M.D. Tenn. 2015) (holding, in a copyright infringement action, that "broad intention to target the United States through a third party is not sufficient to establish purposeful availment") (citations omitted).

Moreover, as noted above, at the time he wrote the melody and lyrics of *Eastside*, Sheeran had never heard of Plaintiffs, never heard of their song and obviously had no knowledge of their claimed connection to California. (Sheeran Decl. ¶ 15). Thus, Plaintiffs also cannot satisfy the third element of the effects test because Sheeran could not have possibly known that any alleged wrongdoing would have been likely to cause harm to the Plaintiffs in California. *E.g.*, *Browne v. McCain*, 612 F. Supp. 2d 1118, 1125 (C.D. Cal. 2009) (no purposeful direction where defendant did not know of the plaintiff's California residence). In any event, "even if [Sheeran] knew that the plaintiff[s] lived in the forum state, [that] is insufficient to satisfy the effects test." *Love v. Associated*

9

*Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010)) (citation & quotation omitted); *Under A Foot Plant, Co. v. Exterior Design, Inc.*, No. 14-cv-01371 (AA), 2015 WL 1401697, at *4 (D. Or. Mar. 12, 2015) (rejecting jurisdiction where plaintiff alleged defendant continued to infringe copyright despite actual knowledge of plaintiff's residence in forum state because that "is precisely what the Court found improper in *Walden*").[4]

Nor does the Supreme Court's decision in *Ford Motor* provide for a different outcome. Although the majority opinion in *Ford Motor* has been criticized for its lack of clarity and unclear guidance (*e.g.*, 141 S. Ct. at 1033 (Alito, J., concurring in judgment) *and id.* at 1034 (Gorsuch, J., concurring in judgment)), the majority opinion merely found that the "related to" standard is satisfied in those circumstances where a defendant-manufacturer which maintains a continuing presence in a forum and engages in continuing business activities, including specifically and continually targeting consumers in that forum, has placed an allegedly defective product into the stream of commerce which malfunctions and causes injuries in the forum. While the injury in *Ford Motor* did not "arise out of" the specific in-forum activities of the defendant-manufacturer, it was sufficiently "related to" those activities such that the defendant could reasonably anticipate being haled into court in the forum. *Id.* at 1026-29 (citing *World-Wide Volkswagen*, 444 U.S. at 295 (other citations omitted).

---

[4] Although Ninth Circuit jurisprudence subsequent to *Love* recites that the express aiming requirement may be "satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state" (*e.g.*, *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (citations & internal quotations omitted)), whether that is "still good law is doubtful" in light of the Supreme Court's decision in *Walden*. *See Erickson v. Nebraska Mach. Co.*, No. 15-cv-1147 (JD), 2015 WL 4089849, at *3 (N.D. Cal. Jul. 6, 2015); *see also Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) ("The Court [in *Walden*] made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum") (quoting *Walden*, 571 U.S. at 289)).

Moreover, in *Ford Motor*, Ford expressly admitted that it "purposefully availed itself of the privilege of conducting activities" in the forum markets, that it did "substantial business" there and that it "actively" sought to serve those markets. *Id*. at 1026 (brackets omitted). Thus, the Court, in examining the multiple continuing and substantial contacts that Ford had with the forum markets (including selling cars, having dealerships, continuously advertising and even selling replacement parts) concluded, consistent with *World-Wide Volkswagen*, that the mere fact the specific automobiles in question (which were exactly the same types of cars that Ford sold in the forum markets), may not have been sold directly by Ford to the plaintiffs in the forum markets would not bar personal jurisdiction. While the claims did not "arise out of" Ford's activities in the state, they were sufficiently "related to" Ford's extensive and continuing activities in the forum markets to support specific jurisdiction.

In contrast, here, Sheeran has no continuing connections to the state of California that are remotely similar to those of Ford in *Ford Motor*, and nothing he did in connection with the claim in this case even touched California. The claim against him does not arise out of any contacts he had with California nor, unlike Ford's continuing and substantial presence in Montana and Minnesota, is the claim remotely related to any of his sporadic activity in California. Moreover, unlike Ford, Sheeran did not "actively" target his business activity to the forum state; rather, Sheeran co-authored "Eastside" in Pennsylvania. Not even the United States subpublisher of his interest in "Eastside" targeted any activity towards California. Rather, it simply licensed the exploitation of "Eastside" generally in the United States.

Accordingly, Plaintiffs have not alleged, and cannot possibly allege, that Sheeran committed a suit-related act in or directed to California.[5]

---

[5] To demonstrate specific jurisdiction, the Ninth Circuit also requires a plaintiff to show "that it would not have been injured 'but for' [the defendant's] contacts with California." *Glencore Grain*, 284 F.3d at 1123 (citation omitted). Although Plaintiffs clearly cannot demonstrate but for causation, the Supreme Court clarified in *Ford Motor* that such requirement is inconsistent with its precedent. *See* 141 S. Ct. at 1026-27.

### B. Exercising Jurisdiction Over Sheeran Would Be Unreasonable

Because Plaintiffs cannot satisfy the first two prongs of the specific jurisdiction analysis, this Court need not reach the reasonableness prong.

However, were the Court to reach that question, exercising jurisdiction over Sheeran would be unreasonable because, among other reasons (a) Sheeran has not purposefully interjected himself into California, (b) it would be burdensome to require Sheeran, an English citizen, to maintain a defense halfway around the world and (c) an adequate alternative forum exists in the United Kingdom where Plaintiffs can obtain full relief from Sheeran. *E.g.*, *Me Renee LLC v. Elite World, S.A.*, No. CV 14-3299-R, 2014 WL 12696912, at *4 (C.D. Cal. Aug. 7, 2014) (finding exercise of jurisdiction over European defendant would be unreasonable where it did not interject itself into forum state); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders"); *Rano*, 987 F.2d at 588 ("We have held that litigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state") (citations omitted).

### CONCLUSION

It is respectfully submitted that the motion should be granted, and that the Complaint should be dismissed against Sheeran for lack of personal jurisdiction without leave to replead.

| | | |
|---|---|---|
| | | **PRYOR CASHMAN LLP** |
| | Dated: June 30, 2022 | By:  /s/ Benjamin S. Akley |
| | | Benjamin S. Akley |
| | | bakley@pryorcashman.com |
| | | *Attorneys for Defendant Edward Christopher Sheeran* |

13